IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-00347-CMA-BNB

JOE M. TONEY, JR.,

    Applicant,

v.

WARDEN D. A. BERKEBILE,

    Respondent.

---

**ORDER DISMISSING PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AS MOOT**

---

This matter is before the Court on Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 1). On March 24, 2014, Respondent filed an answer to Petitioner's application, stating that the relief Petitioner requested has been granted. (Doc. # 15.) On March 31, 2014, this Court entered an order to show cause why the case should not be dismissed as moot. Petitioner responded to the show cause order with a concern that despite Respondent's representations, his good conduct time had not been restored. (Doc. ## 17, 19.) This Court directed Respondent to submit documentation that Petitioner's good conduct time has been restored. (Doc. # 20.) On May 1, 2014, Respondent provided documentation that the incident report at issue is no longer included in Petitioner's disciplinary history, that the incident report

was expunged, and that no good conduct time was taken from Petitioner with respect to this incident. (Doc. # 22.)

Mootness is an issue of subject matter jurisdiction which can be raised at any stage of the proceedings. *Kennedy v. Lubar*, 273 F.3d 1293, 1301-02 (10th Cir. 2001). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Hain v. Mullin,* 327 F.3d 1177, 1180 (10th Cir.2003) (quotations omitted). "'The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.'" *Unified Sch. Dist. No. 259 v. Disability Rights Ctr. of Kan.*, 491 F.3d 1143, 1150 (10th Cir. 2007) (quoting *N.M. Env't Dep't v. Foulston*, 4 F.3d 887, 889 (10th Cir. 1993). A habeas petition seeking to overturn a disciplinary conviction is moot when that disciplinary conviction is set aside. *See, e.g., Craft v. Jones*, 473 F. App'x 843, 845-46 (10th Cir. 2012). Respondents represent with record support that the "incident report has been expunged, [Petitioner's] lost phone privileges have been restored," (Doc. # 15 at 4), and "all good conduct time relating to this incident has been restored" (Doc. # 22 at 2). Accordingly, Petitioner's application is moot and should be dismissed for lack of subject matter jurisdiction. *See Craft*, 473 F. App'x at 45-46.

Based on the foregoing, it is ORDERED that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 1) is DISMISSED AS MOOT, and this case is DISMISSED IN ITS ENTIRETY. It is

FURTHER ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED:  May   16  , 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge